# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

paula.anderson@shearman.com
212.848.7727

April 27, 2015

<u>via ECF and by Hand</u>

The Honorable Naomi Reice Buchwald
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21A
New York, New York 10007

Re:   *Micula et al. v. The Government of Romania*, Case No. 1:15-mc-00107-P1

Dear Judge Buchwald:

We represent Viorel Micula, who is currently seeking intervention in the above-referenced action. We write under Rule 3(b)(iv) of the Southern District of New York Rules for the Division of Business Among District Judges and pursuant to your individual practice rules to outline the substantive arguments advanced in Mr. Micula's Motion on Consent to Intervene and Amend Judgment (the "Motion") in this action. We note that counsel to the original Petitioners has consented on behalf of his clients to the relief sought by Mr. Micula in the accompanying Motion.

The original Petitioners, Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L. (collectively, "Original Petitioners") filed this action on April 21, 2015, seeking recognition of an arbitration award ("Award") that was rendered by an ICSID arbitral tribunal ("Tribunal") on December 11, 2013. That Award grants the Original Petitioners and Viorel Micula the *collective right* to recover from the Government of Romania ("Romania") damages totaling 376,433,229 Romanian Leu, plus interest as prescribed in the Award. Importantly, the Tribunal considered allocation, but ultimately declined to allocate the Award amongst the individual claimants. The petition filed by the Original Petitioners, however, only sought recognition of the Award in favor of four of the five Award recipients.

On April 21, 2015, this Court issued an Order granting the Original Petitioners' *Ex Parte* Petition to Recognize Arbitration Award Pursuant to 22 U.S.C. S 1650a (the "Order"). Under the Order, as it currently stands, the Original Petitioners have the right to seek enforcement of the *entire* Award to the exclusion of Viorel Micula. For this reason, Viorel Micula seeks to intervene in this action and to have the Order amended to grant him the same relief provided to the Original Petitioners.

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

### *Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Viorel Micula Should be Allowed to Intervene as of Right or at the Court's Discretion.*

To intervene as of right, an applicant must (i) timely file an application, (ii) have an interest in the action, (iii) demonstrate that the interest may be impaired by the disposition of the action, and (iv) show that the interest is not protected adequately by the parties to the action. Similarly, the Court will consider the same factors when determining whether to allow permissive intervention. The circumstances giving rise to the accompanying Motion clearly warrant intervention as of right or, at the very least, permissive intervention.

*First*, Viorel Micula filed the accompanying Motion a mere six days after the Original Petitioners initiated this action. Thus, there can be no prejudice to the existing parties because there has been no delay. But if the current Order is allowed to stand without the inclusion of Viorel Micula, he would be severely prejudiced in his ability to enforce his rights under the Award.

*Second*, Viorel Micula has a direct interest in this action. This Court has recognized that parties to arbitration awards have a direct interest in follow-on proceedings to confirm those awards. *See, e.g., Manor House Capital, LLC v. Pritsker*, No. 14 Civ. 7922, 2015 WL 273684, at *2 (S.D.N.Y. Jan. 15, 2015) ("[Applicant] has a direct interest in confirming the arbitration award because the arbitration award dismissed all claims filed against it."). Here, Viorel Micula seeks to protect his rights under the very same Award at issue in this action.

*Third*, Viorel Micula's interests could unquestionably be impaired by the disposition of this action. If the Original Petitioners are able to obtain payment of the entire amount of the Award, as currently provided for under the Order, Viorel Micula would be deprived of his rightful entitlement under the Award.

*Fourth*, the Original Petitioners cannot adequately protect Viorel Micula's interest in the Award. As noted, the original Petition sought payment of the entire amounts of the Award for the Original Petitioners only. Thus, only Viorel Micula can adequately protect his individual interests under the Award.

### *Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court Should Amend the Order and Judgment to Provide Viorel Micula the Same Relief Granted to Original Petitioners.*

This Court "enjoys considerable discretion in granting or denying" a motion to amend. *Anglo-Iberia Underwriting Mgmt. Co. v. Lodderhose*, 282 F. Supp. 2d 126, 131 (S.D.N.Y. 2003). Such discretion is warranted where the judgment as provided contains a clear error or would impart a manifest injustice. *U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98 Civ. 3099, 2005 WL 736149, at *1 (S.D.N.Y. Mar. 29, 2005). Here, this Court should exercise its discretion to (i) prevent a manifest injustice by adding Viorel Micula to the parties entitled to relief, and (ii) correct a clear error in the total amount awarded.

*First*, the Court's Order does not allocate Romania's payment of the Award among the five parties to whom the Tribunal rendered the Award. Rather, the Order provides that the Original Petitioners are entitled to the entirety of the Award. *See* Order at 2. Thus, Viorel Micula would suffer a grave injustice if the Original Petitioners were able to collect the entire amount of the Award, as is currently contemplated by the Order.

*Second*, the Order provides that Romania pay the Original Petitioners the sum of 373,433,229 Romanian Leu together with post-Award interest. This amount is incorrect and resulted from a clerical error in the Proposed Order and Judgment attached as Exhibit 10 to the Declaration of Francis A. Vasquez, Jr. in Support of Petitioners' Ex Parte Petition to Recognize Arbitration Award ("Vasquez Decl."). The correct amount of the Award, as rendered by the Tribunal, is 376,433,229 Romanian Leu. *See* Vasquez Decl. Ex. 1 at ¶ 1329(d) (the Award). Therefore, the Order should be amended to provide that Romania pay Viorel Micula and the Original Petitioners the sum of 376,433,229 Romanian Leu together with post-Award interest at a rate of 3-month ROBOR plus 5% compounded quarterly with respect to the amounts and periods detailed in paragraph 1329(d) of the Award.

For these reasons, which are stated more fully in the Memorandum of Law in Support of Viorel Micula's Motion on Consent to Intervene and to Amend Judgment, Viorel Micula respectfully requests that the Court grant the accompanying Motion on Consent to Intervene and to Amend Judgment.

Respectfully submitted,

*/s/ Paula H. Anderson*
Paula Howell Anderson

cc: All Counsel of Record (via ECF) (w/enclosures)